UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| OSCAR C. DUDLEY | : | DOCKET NO. 06-0604 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the Commissioner's motion to remand the above-captioned case for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g). [doc. # 4].[1] Sentence six provides that,

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

---

[1] This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Of the two avenues for remand set forth in the sixth sentence of § 405(g), only one is relevant here. It requires: (1) a motion of the Commissioner; (2) before the filing of an answer; and (3) for good cause shown. 42 U.S.C. § 405(g). In the case *sub judice*, the first two requirements have been met. The only issue is whether good cause has been shown.

In her motion, the Commissioner represents that the reason for the proposed remand is that despite a diligent search, the Office of Hearings and Appeals was unable to locate the recording of the administrative hearing. Other courts have held that this reason constitutes good cause for remand. *Gamble v. Apfel*, 2001 WL 102344 (S.D. Ala. 2001); *Flores v. Commissioner of Social Sec.*, 2001 WL 286732 (S.D. N.Y. 2001); *Hudson v. Barnhart*, 2003 WL 22290210 (N.D. Cal. 2003); and *Shank v. Barnhart*, 2002 WL 1839163 (E.D. Pa. 2002). Furthermore,

> [i]n reporting on the Social Security Disability Amendments of 1980, the joint conference committee of Congress explained that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The committee stated: "Such a situation is an example of what could be considered "good cause" for remand. Where for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot be otherwise transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record…."

*Shank, supra* (quoting, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Accordingly, the undersigned finds that the Commissioner has demonstrated good cause for remand.[2]

---

[2] In lieu of a sentence six remand, Plaintiff urges the court to remand this matter pursuant to the fourth sentence of 42 U.S.C. § 405(g) because the Appeals Council may not have had access to the missing hearing transcript. Yet, whether the Commissioner's decision is supported by substantial evidence is an issue that can be presented once the case is returned here with a complete administrative record. Moreover, because the instant motion does not ask the court to affirm, modify, or reverse the Commissioner's decision, it is manifest that the remand is not effected pursuant to the fourth sentence of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163 (1991).

Having determined that all of the requirements for sentence six remand have been met,

IT IS RECOMMENDED that the Commissioner's motion [doc. # 4] be GRANTED, and that the action be remanded for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 7, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE