RECEIVED
IN LAKE CHARLES, LA
MAR 0 8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| OSCAR C. DUDLEY | : | DOCKET NO. 2:06-0604 |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECUIRITY | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court is the petitioner's Petition for Extraordinary Relief in the Nature of a Writ of Mandamus [doc. 14]. The Commissioner filed an Opposition [doc. 16] and the petitioner, Oscar C. Dudley ("Dudley"), filed a Reply [doc. 17].

Procedural History

Dudley filed for social security disability benefits dating back to 1994. There have been multiple hearings before the ALJ over the years. Both parties adequately detailed the procedural history and this history will not be repeated in its entirety herein.

Most relevant to the matter presently before the court is that there was a court order issued on October 4, 2006, wherein the court granted the Commissioner's Motion to Remand pursuant to the sixth sentence of 42 U.S.C. § 405(a). The Order further provided that "[a]ny additional or modified findings and a transcript of further proceedings by the Commissioner shall be filed as a part of this action."

On December 7, 2007, ALJ Ward issued a fully favorable decision finding that based upon

the application for a period of disability and disability benefits filed on August 15, 1995, the claimant had been disabled pursuant to §§ 216(i) and 223(d) of the Social Security Administration beginning January 15, 1994.

## Law and Analysis

The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). It is an extraordinary remedy reserved for extraordinary circumstances. *In re American Marine Holding Co.,* 14 F.3d 276, 277 (5th Cir.1994). Mandamus may issue only when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy. *Smith v. North La. Medical Review Assn,* 735 F.2d 168, 172 (5th Cir.1984). The issuance of the writ of mandamus lies within the discretion of the court to which it is directed. *United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir.1979); *Hampton v. Department Health and Human Services,* 1995 WL 413133, 1 (5th Cir. 1995).

Dudley is seeking a writ of mandamus. He is alleging that the Commissioner of Social Security violated the court's remand order by not filing the transcript of the *1999* hearing. The Commissioner argues that he has no duty to produce the materials sought because the request for the evidence from the October 5, 1999 hearing is mooted by the subsequent award of disability benefits on December 7, 2007.

In support of the request for the 1999 transcript, Dudley quoted an outdated version of the Act. The current version of 42 U.S.C. § 405(g) does not require that a transcript be created where a fully favorable decision has been issued upon a sentence six remand.

2

Dudley, however, also argues that the Commissioner has a duty pursuant to the specific language of the October 4, 2006, court order. The Order provided that "[a]ny *additional or modified findings* and a transcript of further proceedings by the Commissioner shall be filed as a part of this action" (emphasis added). The 1999 hearing occurred long before the 2006 order. It is the court's understanding, however, that this transcript has been missing and was never made a part of the record. Dudley is requesting that if that transcript has been found, that it be made a part of the record. There is no evidence that the 1999 transcript has been found, so this point is moot. Accordingly, even if the plaintiff has a right to have the 1999 transcript filed under the 2006 order, there is no duty where there is no evidence that such a transcript exists.

The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). Dudley has an adequate remedy through direct appeal after a final judgment. Thus, extraordinary relief is not appropriate. *See United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir.1979).

Dudley submits that the filing of the 1999 transcript is required for him to file for attorneys fees. The Commissioner does not object to Dudley filing for EAJA fees after the entry of the final judgment pursuant to Fed. R. Civ. P. 58, but the Commissioner argues that the motion is premature because Dudley is not a prevailing party until the entry of the final judgment. A remand under sentence six of § 405(g) permits a remand to the Commissioner of Social Security for further action, but one does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand. *See Squires-Allman,* 117 F.3d

at 919 n. 2; *Sims v. Apfel*, 238 F.3d 597, 601 (5th Cir. 2001); *Escobar v. Bowen*, 857 F.2d 644, 646 (9th Cir.1988). A final judgment cannot be entered in a case involving a sentence six remand until after the post-remand administrative proceedings have been completed and the district court has reviewed any additional or modified findings of fact and the decision of the Secretary. *Melkonyan. v. Sullivan*, 111 S.Ct. 2157, 2165 (1991). The court then enters final judgment, and the time for filing a notice of appeal or the time for seeking attorneys fees commences. *Id.; Luna v. United States Dep't of Heath & Human Servs.*, 948 F.2d 169, 172 (5th Cir.1991).

This court was not divested of jurisdiction in this case as a result of remanding the matter to the Secretary. *See Sullivan v. Finkelstein*, 496 U.S. 617, 627 (1990) (post-remand review is contemplated following a sentence six remand); *Frizzell v. Sullivan*, 937 F.2d 254, 257 (5th Cir.1991) (a sentence four remand, as opposed to a sentence six remand, results in a final judgment that terminates the civil action and divests the court of jurisdiction). Dudley is entitled by statute to a review of the Secretary's post-remand findings and to the entry of a final judgment in the case. *Burse v. Sullivan*, 1992 WL 366501, 2 (5th Cir. 1992). Therefore, appropriate and expeditious steps should be taken by the parties to submit this matter for final review and judgment.

Lake Charles, Louisiana, this 8 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE